

FILE

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE    JUL 18 2013

CHIEF JUSTICE

This opinion was filed for record
at 8:00 am on July 18, 2013

Ronald R. Carpenter
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Disciplinary Proceeding Against | ) ) ) | No. 201,073-3 |
| MARJA M. STARCZEWSKI, | ) ) | En Banc |
| an Attorney at Law. | ) ) ) | |
| | ) | Filed    JUL 18 2013 |

OWENS, J. -- We are ultimately responsible for disciplining attorneys who bring disrepute to the legal profession. In this case, the Washington State Bar Association (WSBA) charged Marja Starczewski with three counts of attorney misconduct because she represented her client without diligence, information, or honesty. At the disciplinary hearing, the hearing officer concluded the WSBA had proved all three counts. He recommended a sanction of $15,000 in restitution, 24 months of suspension, and 18 months of practice monitoring. The WSBA Disciplinary Board (Board) adopted the hearing officer's decision except for the term of practice monitoring, which it amended to 24 months.

That decision is before us now. Because substantial evidence supports the findings and Starczewski does not present a clear reason to depart from the Board's decision, we affirm it.

## I. FACTS

This case of attorney discipline begins with a simple tort claim. In 2005, an employee of Walters & Wolf Curtain and Wall LLC (Walters & Wolf), Kelly Reeser, avoided Dawn De La Fuerte's stalled car on a King County highway. In doing so she hit Rajinder Singh's taxi. Singh hired attorney Harish Bharti who referred him to Starczewski on a fee-sharing basis.

Starczewski obtained a $15,000 settlement offer from Reeser's insurance company, which Singh rejected. On the day before the statute of limitations ran in May 2007 Starczewski filed suit against Reeser, Walters & Wolf, and De La Fuerte in King County Superior Court. She claimed personal injury and lost wages and named Singh and his brother, Surinder Khangura,[1] as plaintiffs.

After Starczewski filed suit the trial court issued a scheduling order, which provided an October 2007 deadline for filing a confirmation of joinder. Under King County Local Superior Court Rule 4.2, the plaintiff must file the confirmation of

---

[1] Starczewski signed a contingent-fee agreement with Khangura, which named her as his attorney on a lost wages claim arising from the damage to the taxi the brothers shared. Despite knowing that the claims overlapped, Starczewski neither informed Singh of the concurrent conflict of interest nor obtained the informed consent of either brother. However, these particular actions are not the basis of the charges in this case.

joinder and the plaintiff's attorney must sign it. After filing, the trial court reviews the confirmation of joinder, and if it decides a hearing is necessary, it may issue a show cause order. If the trial court issues such an order, all cited parties must appear.

Between the issuance of the scheduling order and the deadline of the confirmation of joinder, Starczewski suffered financially and moved to East Wenatchee—presumably from somewhere in King County. Starczewski did not inform Singh of her financial hardships or how they might affect her work even though her financial hardships coincided with a series of professional shortcomings in Singh's case: Starczewski did not respond to, or inform Singh of, a September 2007 settlement offer of $20,000 from Reeser and Walter & Wolf's attorney, Julia Kyte. When Kyte followed up, Starczewski still did not respond. In October 2007, Starczewski neglected to timely serve and file a confirmation of joinder for De La Fuerte. In response, the superior court ordered a show cause hearing on why it should not dismiss Singh's case and order $250 in sanctions. Starczewski did not inform Singh of the hearing nor did she appear at it, which caused the superior court to order sanctions. The court continued the hearing to January 2008, however, and indicated it would strike the hearing if Starczewski filed a confirmation of joinder up to seven days beforehand. Starczewski did not inform Singh of the sanctions or continuance. Because she neglected to file the confirmation of joinder a second time and did not

appear at the continued show cause hearing, the superior court dismissed Singh's case on procedural grounds. Starczewski did not inform Singh of the dismissal.

Although Starczewski neglected Singh's case, she did not abandon it, and in February 2008 she moved to vacate the superior court's dismissal. Yet again she did not inform Singh of the status of litigation. In March 2008, the superior court heard oral argument on her motion and conditioned vacating its dismissal on Starczewski paying $250 in sanctions, complying with the case scheduling order, and serving and filing the confirmation of joinder by late April. Starczewski paid the sanctions but did not inform Singh of the March 2008 order, did not timely file the confirmation of joinder, and did not notify the superior court of any effort on her part to comply with the scheduling order.

Starczewski's neglect was Singh's loss for in May 2008 the superior court issued a second and final order of dismissal. The order noted Starczewski's failure to file a confirmation of joinder. As before, Starczewski did not inform Singh of the dismissal or his options. The day after the court dismissed Singh's case the statute of limitations ran.

Since Starczewski had never updated Singh on his case, he was of course unaware that the case had been dismissed and the statute of limitations had run. Indeed it was a year after the dismissal that he first contacted Starczewski for an update. Starczewski did not give Singh an honest account. In a July 2009 letter, she

wrote Singh that the superior court had dismissed his case because it found opposing counsel's arguments persuasive. She supported her assertion with excerpted portions of opposing counsel's March 2008 "Response to the Motion to Vacate" where counsel argued the emergency doctrine defeated Singh's claim. In other words, Starczewski told Singh that the court dismissed his case on the merits rather than that the court had dismissed his case on procedural grounds because of her failures. Admittedly, Starczewski did include the actual order of dismissal with her letter. However, that only served to confuse Singh because Starczewski did not explain the order and Singh is not fluent in English.

In January 2010, Singh filed a grievance letter with the WSBA that requested an investigation into Starczewski's handling of his case.

## II. PROCEDURAL HISTORY

In January 2011, the WSBA charged Starczewski with three counts of professional misconduct: (1) failure to represent Singh with reasonable diligence and expedite his litigation in violation of RPC 1.3 and 3.2; (2) failure to inform Singh of the status of his case and explain matters such that he could make informed decisions about the representation in violation of RPC 1.4(a) and (b); and (3) failure to honestly inform Singh of the reason the court dismissed his case in violation of RPC 8.4(c).

These charges triggered a disciplinary hearing. The hearing officer bifurcated the hearing into a violation hearing and a sanction hearing. At the May 2011 violation

hearing, the hearing officer found that the WSBA had proved all three counts by a clear preponderance of the evidence. At the October 2011 sanction hearing, the hearing officer applied the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp. 1992). He concluded that the presumptive sanction for all three counts was suspension. The hearing officer then applied six aggravating factors and one mitigating factor to the presumptive sanction and concluded the suspension should be 24 months long. He also recommended 18 months of practice monitoring following reinstatement and $15,000 in restitution to Singh.

That decision went before the Board in May 2012 on automatic review. By a vote of 11 to 1 with one board member recusing, the Board affirmed the hearing officer's decision with one exception: it amended the duration of practice monitoring from 18 to 24 months. The Board did not state the reason for the amendment. Starczewski immediately appealed the Board's decision to this court.

## III. STANDARD OF REVIEW

We have plenary power over attorney discipline in Washington. ELC 2.1. On review, we give great weight to the hearing officer's findings of fact. *In re Disciplinary Proceeding Against Marshall*, 167 Wn.2d 51, 66, 217 P.3d 291 (2009). We treat unchallenged findings of fact as true, and so long as they are supported by substantial evidence we also treat challenged findings of fact as true. *Id.* at 66-67.

In contrast we review the Board's conclusions of law de novo. *In re Disciplinary Proceeding Against Van Camp*, 171 Wn.2d 781, 797, 257 P.3d 599 (2011). If they are supported by the findings of fact they will be upheld. *Id.* Further, we will uphold a unanimous Board decision absent a clear reason for departure. *In re Disciplinary Proceeding Against Behrman*, 165 Wn.2d 414, 422, 197 P.3d 1177 (2008).

## IV. ANALYSIS

Starczewski claims that (A) the hearing and decision violated due process and hearing procedure, (B) the findings were not supported by substantial evidence, (C) the hearing officer determined the incorrect presumptive sanction under the ABA *Standards*, (D) the hearing officer applied the incorrect aggravating and mitigating factors, (E) a 24-month suspension is disproportionate, (F) restitution is not proper, and (G) the WSBA cannot order her proposed practice monitor to serve.

A. Whether the Hearing Officer or Board Violated Due Process or Proper Procedure

We review alleged due process violations de novo and evidentiary rulings for abuse of discretion. *In re Disciplinary Proceeding Against King*, 168 Wn.2d 888, 899, 232 P.3d 1095 (2010); *Van Camp*, 171 Wn.2d at 799.

Starczewski alleges that (1) the hearing officer denied her the opportunity to rebut the WSBA's proposed decision, (2) the WSBA's formal complaint did not notify her of aggravating factors, (3) the WSBA made an improper request for

7

documents, (4) the hearing officer prevented her from admitting rebuttal evidence, (5) special disciplinary counsel was biased, (6) the hearing officer was biased, (7) the hearing officer wrongly put the burden of proof on her, (8) the hearing officer wrongly calculated the amount of restitution, and (9) the Board wrongly adopted the hearing officer's recommendation.

1. Whether the Hearing Officer Denied Starczewski the Opportunity To Rebut the WSBA's Proposed Findings and Conclusions

After the violation hearing, the hearing officer allowed the WSBA and Starczewski to submit proposed findings and conclusions. Starczewski claims the hearing officer denied her the opportunity to rebut the WSBA's proposal because he adopted it before she submitted her rebuttal. We disagree.

The ELCs provide that after a violation hearing and upon agreement with the hearing officer, either party may submit a proposed decision and either party may motion to modify, amend, or correct a decision. ELC 10.15(b)(1)(B), 10.16(b), (c). In response, the hearing officer may deny the motion or amend, modify, or correct the decision. ELC 10.16(c)(2). The hearing officer's decision is final when the time for the parties to motion lapses or the hearing officer rules on the motion. ELC 10.15(b)(1)(B)(ii).

This case presents a situation where the hearing officer and parties agreed upon a time line for submitting proposals from which the hearing officer then deviated. The hearing officer deviated from the time line by adopting the WSBA proposed

decision before Starczewski submitted her proposed decision. The hearing officer, however, did not in fact deny Starczewski the opportunity to rebut the WSBA's proposal: Starczewski moved to object and amended her motion within the time frame provided by the ELCs. Then the hearing officer ruled on her motions before reaffirming his earlier decision. At that point, the hearing officer's decision became final. Thus there was no denial and no procedural violation.

2. Whether the WSBA Notified Starczewski of the Charges Against Her

Starczewski claims the WSBA's formal complaint against her violated due process because it did not notify her of the aggravating factors. Specifically she argues the WSBA did not notify her that the hearing officer would consider evidence of a pattern of misconduct. We find that the WSBA's formal complaint did not violate due process because, as we held previously, the law does not require the WSBA to include aggravating factors in the formal complaint. *In re Disciplinary Proceeding Against Burtch*, 162 Wn.2d 873, 889, 175 P.3d 1070 (2008); ELC 10.3(a)(3). Further, the WSBA's formal complaint notified Starczewski of the charges, and 35 days before the sanction hearing, the WSBA properly filed and served a disclosure of its desired sanctions. More notification was not required.

3. Whether the WSBA Made a Proper Request for Documents

Starczewski claims that the WSBA's request for documents 23 days before her sanction hearing was untimely, unnecessary, and prejudicial. The WSBA's request

was none of those things because the ELCs permit the WSBA to make a request up to three days before the sanction hearing. ELC 10.13(c).

We note that Starczewski refused to comply with the WSBA's proper request despite the hearing officer's order that she do so. Because the hearing officer did not enforce the request in the end, Starczewski's claim is actually moot. But her defiance of the hearing officer's order is grounds for discipline under ELC 10.13(c), and we consider it in our review of this case.

### 4. Whether the Hearing Officer Wrongly Excluded Starczewski's Evidence

Starczewski claims that even though she was cooperative, the hearing officer ignored the scheduling order and wrongly excluded certain evidence from the sanction hearing such as testimony from current clients, WSBA commendations, and awards for pro bono service. In fact, the record shows the hearing officer excluded some, not all, of Starczewski's proffered evidence because she disobeyed the scheduling order. The hearing officer's evidentiary ruling was not an abuse of discretion because a hearing officer may preclude a party that does not provide discovery as ordered from introducing matters into evidence. ELC 10.1(a), (c), 10.11(g); CR 37(b)(2)(B).

### 5. Whether Special Disciplinary Counsel Should Have Been Disqualified

Starczewski claims special disciplinary counsel involvement in *Saldivar v. Momah*, 145 Wn. App. 365, 186 P.3d 1117 (2008), and in her disciplinary proceedings violates due process. We disagree. Starczewski was an attorney for the

plaintiffs in *Saldivar* and the hearing officer considered her performance in that case as evidence of a pattern of misconduct, an aggravating factor. Special disciplinary counsel was not personally involved in the *Saldivar* case that the hearing officer considered at the sanction hearing. Even if counsel was personally involved in *Saldivar*, his involvement in that case and the proceedings would not violate due process. While due process ensures that civil proceedings are impartial and disinterested, *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242, 100 S. Ct. 1610, 64 L. Ed. 2d 182 (1980), and disciplinary hearings are civil proceedings, ELC 10.1, a hearing's "appearance of impropriety is not a serious consideration in attorney discipline cases where the general public has little, if any, direct interest in the process. Unlike a public prosecutor, [disciplinary] counsel's actions affect only attorneys who have voluntarily subjected themselves to regulation by this court." *In re Disciplinary Proceeding Against Vetter*, 104 Wn.2d 779, 782, 711 P.2d 284 (1985).

6. Whether the Hearing Officer Should Have Been Disqualified

Starczewski also claims the hearing officer's awareness of *Saldivar* (by virtue of his specialty in medical malpractice law), coupled with his involvement in the disciplinary proceedings, violated due process. Yet she cites no legal authority for this proposition. Without such legal authority, we will not question the hearing officer's impartiality merely because he was aware of a case that Starczewski participated in and that the WSBA introduced into evidence at the sanction hearing.

We note that the ELCs provide a nonexhaustive list of reasons for disqualifying a hearing officer and none apply to the facts here. ELC 2.6(e)(4)(A).

7. **Whether the WSBA Proved the Charges by a Clear Preponderance**

Starczewski claims the hearing officer violated due process by allegedly requiring her to muster evidence in her defense. Her claim is compromised since she does not point to where the hearing officer wrongly put the burden of proof on her. Starczewski also claims the WSBA did not investigate her current clients or her Singh files. But, similarly, she does not cite legal authority for the proposition that the WSBA must investigate evidence she submits to them. Without citation to the record or precedent to undergird her argument, we conclude there was no violation of due process. We also note the WSBA does have the burden of proof, ELC 10.14(b), and in this case, the hearing officer found the WSBA met its burden on all three counts.

8. **Whether the Hearing Officer Properly Determined the Restitution Amount**

Starczewski claims $15,000 in restitution is improper because it does not account for costs and expenses the WSBA billed her for or her ability to pay. Because an order of restitution does not have to account for the WSBA's costs and expenses or the attorney's ability to pay, *see* ELC 13.7, 13.9(d)(1), we conclude that $15,000 is not improper in this respect.

12

9. Whether the Board Properly Amended the Hearing Officer's Decision

Starczewski claims the Board erred when it failed to state a reason for amending the hearing officer's recommended term of practice monitoring. Starczewski makes a valid claim. The Board must state the reason for an amendment, modification, or reversal of the hearing officer's decision. ELC 11.12(e). But its omission does not offend due process or affect our power to review the decision. *In re Disciplinary Proceeding Against Blanchard*, 158 Wn.2d 317, 329-31, 144 P.3d 286 (2006).

Ordinarily where the hearing officer's recommendation and the Board's decision differ, we give greater weight to the Board's decision in light of its superior experience and wider perspective. *In re Disciplinary Proceeding Against Preszler*, 169 Wn.2d 1, 19, 232 P.3d 1118 (2010). Abiding by that rule is problematic here since the Board does not state the reason for its amendment. Nevertheless we uphold the Board's 24-month, practice-monitoring term because Starczewski has shown no signs of curbing her misconduct as evinced by her defiance of the hearing officer's discovery order.

Finally, Starczewski claims the Board made no findings or adopted the hearing officer's erroneous findings. This argument is meritless because the Board adopted the hearing officer's findings as is permitted, ELC 11.12(d), and the findings are not erroneous.

B.  Whether Substantial Evidence Supports the Hearing Officer's Challenged
    Findings

Starczewski generally claims 27 of the hearing officer's 74 findings are irrelevant, incomplete, unsupported, or all of the above. We are not persuaded. We reject 21 of her challenges because she fails to support them with citations to the record or legal authority. *Marshall*, 167 Wn.2d at 67 (providing that a challenge is sufficient only if the attorney cites to the record in support of her argument); RAP 10.3(a)(6) (providing that arguments in a brief should contain citations to the record and legal authority). We reject three other challenges because they are either supported by unchallenged findings, amount to an attack on witness credibility, or amount to an alternative explanation of the facts the hearing officer rejected. *Marshall*, 167 Wn.2d at 66-67. Three challenges remain.

Two of these challenges concern procedural failures. First, the hearing officer found that at the March 2008 hearing on Starczewski's motion to vacate the order of dismissal, the court ordered Starczewski to serve De La Fuerte, file a confirmation of joinder, and comply with all pretrial deadlines set in the original case scheduling order. Second, he found the court dismissed the case again in May 2008 because Starczewski failed to file the confirmation of joinder. Starczewski claims these findings are incomplete because they do not note that the judge promised a second show cause hearing. In fact, the March 2008 show cause hearing transcript shows the judge started to say there would be a second show cause hearing before stopping

midsentence to instead say he would order Starczewski to serve De La Fuerte, file a confirmation of joinder, and to comply with all pretrial deadlines set in the original case scheduling order, which he ultimately did. Hence these challenges fail because substantial evidence shows the judge did not promise or actually order a second show cause hearing.

Finally, the hearing officer found that Starczewski's explanation for the dismissal was false. Starczewski claims this finding assumes another finding is true and misrepresents a sentence from her July 2009 letter.[2] Substantial evidence shows Singh's case was dismissed for procedural violations rather than on the merits. For instance, the final order of dismissal refers to the plaintiffs' noncompliance but not the merits. Thus, substantial evidence shows Starczewski's explanation for the dismissal was false, and for that reason the challenge fails.

## C. Whether the Hearing Officer Applied the Correct Presumptive Sanction

We—as well as the hearing officer and Board—follow a two-step process to determine the appropriate sanction against an attorney. *In re Disciplinary Proceeding Against Cramer*, 165 Wn.2d 323, 339, 198 P.3d 485 (2008). At step one, we determine the presumptive sanction under the ABA *Standards*. *Id.* We do so by considering the ethical duty violated, the attorney's mental state, and the actual or potential harm to the client. *Id.* At step two, we consider the applicable aggravating

---

[2] Because Starczewski does not identify which sentence the hearing officer's finding misrepresents, we refrain from considering that particular challenge.

and mitigating factors' impact on the presumptive sanction. *Id.* In this case the hearing officer concluded the presumptive sanction was suspension for all three counts. Starczewski claims the hearing officer's conclusions about her mental state and the actual or potential harm to Singh were wrong.

As the fact finder, the hearing officer is best positioned to make the mental-state determination. *In re Disciplinary Proceeding Against Anschell*, 149 Wn.2d 484, 501, 69 P.3d 844 (2003). The hearing officer concluded Starczewski's mental state was "knowing" for all three counts. Starczewski claims the hearing officer's conclusions are wrong or unsupported. We disagree. First, the unchallenged findings of the hearing officer show Starczewski knew of the deadlines in the case scheduling order and her responsibility to meet them. Thus, she knew when she was failing to meet the deadlines she was failing to represent Singh diligently and expeditiously. Second, the absence of documented conversations between Starczewski and Singh is circumstantial evidence that no conversations occurred between them "[a]nd circumstantial evidence is as good as direct evidence," *Rogers Potato Serv., LLC v. Countrywide Potato, LLC*, 152 Wn.2d 387, 391, 97 P.3d 745 (2004). Thus, Starczewski knew that when she was failing to have any conversations with Singh, she was failing to inform him and explain matters to him. Finally, when Starczewski wrote Singh in July 2009, she knew his case had been dismissed on procedural grounds because she had the order of dismissal that showed the case was dismissed

for noncompliance. Thus Starczewski knew her written explanation that the superior court had dismissed the case on the merits was false. On this final point we emphasize again that "circumstantial evidence is as good as direct evidence," *id.*, and the WSBA did not have to prove intent to prove a "knowing" mental state, *see* ABA, STANDARDS FOR IMPOSING LAWYER SANCTIONS Definitions at 17 (1991) (defining "[k]nowledge" as "the conscious awareness of the nature or attendant circumstances of the conduct but without the conscious objective or purpose to accomplish a particular result"); *In re Disciplinary Proceeding Against Brothers*, 149 Wn.2d 575, 585, 70 P.3d 940 (2003) (stating that in an attorney disciplinary matter, "outright dishonesty is not a necessary element to a finding that an attorney acted knowingly"). Consequently the hearing officer concluded correctly that the mental state was "knowing" for all three counts.

Next, we address the injuries. First, the hearing officer concluded Starczewski injured Singh in that he never received current information about his case, never had the opportunity to consult with the court or seek another attorney, and never had the opportunity to accept or reject the $20,000 settlement offer. Starczewski claims the evidence supporting the first and third of these injuries is insubstantial. However, we believe the evidence is substantial and note the second injury alone shows potential harm to Singh.

Second, the hearing officer concluded Starczewski's misrepresentation of the dismissal injured Singh because the resulting misunderstanding prevented Singh from pursuing potential remedies. Starczewski's strongest argument here is that the conclusion is irrelevant because there is no indication potential remedies would have been successful. However, she fails to cite authority for the proposition that the hearing officer must find that a remedy would be successful. In any case, Singh's remedies are not limited to his claim against Reeser, Walters & Wolf, and De La Fuerte as Starczewski may believe.

Starczewski's misrepresentation raised new claims of attorney malpractice and restitution (via the Lawyer's Fund for Client Protection). *See* 16 DAVID K. DEWOLF & KELLER W. ALLEN, WASHINGTON PRACTICE: TORT LAW AND PRACTICE § 15.41, at 490 (3d ed. 2006); APR 15. Had Singh not learned the truth, he would not have had the chance to realize these claims against Starczewski. That constitutes a potential injury to Singh, which means Starczewski's claim fails. The hearing officer concluded correctly that Starczewski injured Singh and that the presumptive sanction is suspension.

D. Whether the Board Applied the Correct Aggravating and Mitigating Factors

The second step we take to determine the appropriate sanction is to consider the applicable aggravating and mitigating factors' impact on the presumptive sanction. *Cramer*, 165 Wn.2d at 339. The ABA *Standards* provide a list of aggravating factors.

STANDARDS std. 9.22. In this case the hearing officer determined the applicable aggravating factors were dishonest motive, pattern of misconduct, multiple offenses, refusal to acknowledge misconduct, substantial legal experience, and indifference to making restitution. Starczewski challenges the consideration of all these factors except for substantial legal experience. We review the challenges one by one.

The hearing officer applied the dishonest-motive factor because Starczewski misrepresented Singh's case dismissal to hide her own misconduct. Starczewski claims the evidence militates against applying the factor because Singh was responsible for the lack of communication and she sent Singh the actual order of dismissal. Her first argument fails because it amounts to an "alternative explanation[] or version[] of the facts rejected by the hearing officer," an insufficient argument upon review before this court. *Marshall*, 167 Wn.2d at 67. Her second argument fails because the enclosure of the order of dismissal was insufficient to overcome her misrepresentations in the July 2009 letter.[3] Accordingly her challenge fails.

The hearing officer applied the pattern-of-misconduct factor because of Starczewski's history of dishonesty, frivolous claims, and disregard for judicial and

---

[3] Starczewski's challenge on grounds of relevancy to this factual finding—that Starczewski's enclosure of the order of dismissal was insufficient to overcome her misrepresentation—fails because the finding is relevant to the duties to inform, explain, and avoid dishonesty. Also Starczewski does not cite legal authority for the proposition that the finding is irrelevant because it does not support a finding of misconduct. *See* RAP 10.3(a)(6) (providing that arguments in a brief should contain citations to legal authority).

disciplinary warnings. Starczewski claims the factor applies only to similar violations of the RPCs and her past misconduct is dissimilar. The ABA *Standards* are clear that the pattern-of-misconduct factor applies to mere misconduct not violations of the RPCs. *Compare* STANDARDS std. 9.22(a) (prior disciplinary offenses), *with* std. 9.22(c) (a pattern of misconduct). Further, the rule as articulated by this court does not require the misconduct to be similar: the factor applies when the attorney has simply committed multiple acts of misconduct involving multiple clients over a period of time. *In re Disciplinary Proceeding Against Cohen*, 150 Wn.2d 744, 760 n.8, 82 P.3d 224 (2004).

Moreover, the two cases Starczewski cites in support of her argument address the issue in dicta or not at all. *See Burtch*, 162 Wn.2d at 889 (noting Burtch's prior misconduct was similar to that at issue, which shows he knew his conduct violated the RPCs); *In re Disciplinary Proceeding Against Whitney*, 155 Wn.2d 451, 464, 120 P.3d 550 (2005) (rejecting Whitney's claim that collateral estoppel precludes the court from considering evidence of past misconduct). Accordingly her challenge fails.

Next we address Starczewski's claim that the hearing officer wrongly applied the multiple-offenses factor because he did not list what he considered as multiple offenses. In short, no explanation was necessary because the factor plainly applies where an attorney faces multiple counts of violating the RPCs. *See In re Disciplinary Proceeding Against Poole*, 156 Wn.2d 196, 225, 125 P.3d 954 (2006) (applying the

multiple-offenses factor because the court upheld two counts of misconduct against the attorney). Because Starczewski faces three counts of misconduct, the factor applied in her case.

The hearing officer applied the refusal-to-acknowledge-wrongful-nature-of-conduct factor because Starczewski blamed her failure to inform Singh on his lack of communication and argued she was only 40 percent responsible for his case because she was entitled to only 40 percent of the contingency fee under the fee-sharing agreement with Bharti. Starczewski claims the factor punishes her for appearing pro se because it allows the hearing officer to consider her arguments as evidence that she has no remorse. Her argument raises a real concern about the fairness, albeit one we have previously addressed.

An attorney may appear pro se in a disciplinary proceeding without automatically incurring the refusal-to-acknowledge-wrongful-nature-of-conduct factor. *In re Disciplinary Proceeding Against Ferguson*, 170 Wn.2d 916, 943, 246 P.3d 1236 (2011). Indeed the factor applies only when an attorney denies conduct was wrongful or rationalizes misconduct as error. *Id.* at 943-44. Here, substantial evidence supports applying the factor. While under examination, Starczewski acted as witness rather than pro se counsel. And while under examination, Starczewski testified that she was not the reason for the case dismissal, she was entitled to a second show cause hearing, and she truthfully told Singh why his case was dismissed

by virtue of enclosing the actual order of dismissal. Her statements amount to denial and rationalization of misconduct, and the hearing officer was entitled to credit them just as we are entitled to give great weight to that finding. *Behrman*, 165 Wn.2d at 423; *Marshall*, 167 Wn.2d at 67. Accordingly her challenge fails.

Finally, Starczewski claims the indifference-to-making-restitution factor should not apply because restitution is not warranted in her case. The hearing officer applied the indifference-to-making-restitution factor because Starczewski made no attempt to make restitution to Singh, did not tell Singh that he had a potential claim against her, and did not tell Singh that he could seek redress through her professional liability coverage. Because this case warrants restitution, as discussed below, Starczewski's challenge fails.

Next we turn to mitigating factors. The ABA *Standards* also provide a list of mitigating factors. STANDARDS std. 9.32. In this case, the hearing officer concluded only the personal-problems factor warranted application. Yet he gave the factor minimal weight because he felt Starczewski's financial challenges did not justify her misconduct.

Generally, we do not consider personal financial problems to be a mitigating factor. *In re Disciplinary Proceeding Against Holcomb*, 162 Wn.2d 563, 591, 173 P.3d 898 (2007). We see no reason to make an exception here because as the hearing officer noted, financial problems did not justify Starczewski's misconduct. Thus, the

hearing officer wrongly applied the factor. However, the error does not undermine the hearing officer's ultimate recommendation of a 24-month suspension since he gave the factor minimal weight.

Starczewski claims the hearing officer should have applied more mitigating factors to her sanction. Examples include her loss of office staff, her prior WSBA commendations, association with Bharti,[4] her cooperation with disciplinary proceedings, and the lack of communication from Singh. In disciplinary cases, the attorney has the burden of proving that some fact should be considered a mitigating factor in her case. *Cf. In re Disciplinary Proceeding Against Carpenter*, 160 Wn.2d 16, 30, 155 P.3d 937 (2007) (stating the subject attorney has the burden of proving the mitigating factor of an absence of a selfish or dishonest motive).

Cooperation and character are enumerated mitigating factors under ABA *Standards* std. 9.32(e) and (g). But Starczewski does not meet her burden on these factors because she presents her two WSBA commendations without argument. And though she points to a moment during the hearings when the hearing officer thanked her for cooperating as a witness, she does not articulate why her cooperation on that day overshadows, for example, her failure to comply with the hearing officer's discovery order. Similarly, she does not make policy arguments for accepting her other proposed mitigating factors, which do not fall within one of the ABA *Standards'*

---

[4] It is unclear whether Starczewski is referring to her fee-sharing agreement with Bharti or to an attorney-client relationship between Singh and Bharti.

enumerated categories. STANDARDS std. 9.32. Because Starczewski does not meet her burden on this issue, we refrain from applying her proposed mitigating factors. In sum, the hearing officer's recommendation of a 24-month suspension is sound.

E. Whether a 24-Month Suspension Is Disproportionate

On review, the subject attorney must raise demonstrative cases to show the recommended sanction is disproportionate. *Cohen*, 150 Wn.2d at 763. Starczewski claims a 24-month suspension is disproportionate in her case but fails to raise demonstrative cases because the two cases she cites are inapposite. *In re Disciplinary Proceeding Against Johnson*, 114 Wn.2d 737, 752-53, 790 P.2d 1227 (1990) (ordering the disbarment of a disciplined attorney who converted client funds for personal use and concealed his conversion); *In re Disciplinary Proceeding Against Haskell*, 136 Wn.2d 300, 320-22, 962 P.2d 813 (1998) (holding two years of suspension, not the recommended disbarment, was the appropriate sanction where the attorney deceptively overbilled clients). Starczewski appears to argue these cases are demonstrative because, in her opinion, a 24-month suspension is equivalent to disbarment. We disagree. The ELCs distinguish between disbarment and suspension, and the ceiling for suspension is 36 months. ELC 13.3(a). Because Starczewski's 24-month suspension does not pierce that ceiling, we are hard-pressed to agree it is equivalent to disbarment especially without citation to contrary legal authority.

24

Finally, Starczewski claims the hearing officer wrongly started at a baseline suspension of 21 months rather than 6 months. The record shows the WSBA argued for an 18-month baseline that equals 6 months per count. In the alternative, the WSBA argued for a 21-month baseline suspension that is halfway between the ABA *Standards*' minimum and maximum of 6 and 36 months. STANDARDS std. 2.3. Because the WSBA's arguments and the hearing officer's decision in this regard were reasonable and because Starczewski fails to cite legal authority to the contrary, we accept the 21-month baseline.

F. Whether Restitution Is Proper

Starczewski claims our precedent supports ordering restitution only where the client actually lost money and that there is no evidence in this case that Singh would have accepted the settlement offers. We disagree for two reasons.

First, there is substantial evidence that Singh would have accepted the settlement offers. For instance in a letter to the WSBA, Singh stated that if he had known his case was weak, he would have accepted the $15,000 settlement offer.[5] Also, Singh testified that he could have used the $20,000 settlement offer. The hearing officer determined Singh's testimony was credible, a determination to which

---

[5] Starczewski argues that because Singh's daughter wrote the letter, it is not indicative of Singh's intent. Her argument is not compelling. At the hearing, Singh adopted the letter as his own statement.

we give great weight. *Marshall*, 167 Wn.2d at 67. Thus, the hearing officer correctly concluded that Singh would have accepted the settlement offers.

Second, the ELCs provide an attorney may be ordered to pay restitution to persons who are financially injured by the attorney's misconduct. ELC 13.7(a). The hearing officer found Singh was injured because he never had the opportunity to accept the $20,000 settlement offer. Given that Singh would have accepted the offer, that injury—the lost opportunity to accept the offer—is financial. Starczewski fails to present a clear and supported reason to depart from that conclusion.[6] Thus restitution is proper in this case.

G. Whether the Court Can Order a Proposed Practice Monitor To Serve

Lastly Starczewski states her proposed practice monitor, Anthony Urie, will serve only if she is not suspended because he requires her assistance in his practice. She claims the WSBA may not have the authority to force Urie to serve as a practice monitor. The issue is not properly before us because the hearing officer did not order Urie to serve as practice monitor. Further, Starczewski does not have to propose a monitor until 60 days prior to her reinstatement and there is no evidence that she has formally proposed Urie. If Starczewski and the WSBA cannot agree on a practice monitor, then the Board may resolve the dispute.

---

[6] Starczewski's reference to cases in the form of PDF (portable document format) attachments to an e-mail to the WSBA insufficiently apprises us of contrary precedent. *See* RAP 10.3(a)(6) (providing that arguments in a brief should contain citations to legal authority).

26

# V. CONCLUSION

We affirm the Board's unanimous decision to suspend Starczewski for 24 months and order $15,000 in restitution because substantial evidence supports it. In addition, Starczewski fails to provide a clear reason to depart from it. Also, we affirm the majority of the Board's decision to extend the hearing officer's recommended 18 months of practice monitoring to 24 months. While the Board did not justify its amendment, we believe it is just in light of Starczewski's defiance of the hearing officer's discovery order.

WE CONCUR:

Madsen, C.J.

Stephens, J.

Johnson, J.

Wiggins, J.

Fairhurst, J.

González, J.

Seinfeld, J.P.T.