**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| In re the Parentage and Support of: ) | DIVISION ONE |
| ) | |
| BAINYA SHAY, ) | No. 76094-7-I |
| ) | |
| Child, ) | UNPUBLISHED OPINION |
| ) | |
| THOMAS O. BAICY, ) | |
| ) | |
| Respondent, ) | |
| ) | |
| and ) | |
| ) | |
| DANELLE M. SHAY, ) | |
| ) | |
| Appellant. ) | FILED: April 16, 2018 |
| ) | |

DWYER, J. — Danelle Shay appeals from the trial court's order disqualifying her attorney from further representing her and awarding attorney fees and costs to Thomas Baicy. On appeal, Shay contends that the trial court lacked the authority to disqualify her attorney from further appearing as counsel. Finding no error, we affirm.

I

This matter arose from an action originally filed in June 2009 between Danelle Shay and Thomas Baicy, the parents of Bainya Shay.[1] Shay lives with and is engaged to be married to her attorney, Richard Cassady, Jr. Cassady has

_____

[1] For clarity, we refer to Bainya Shay using her given name. We refer to Danelle Shay and Thomas Baicy by their surnames.

represented Shay in this matter since at least 2013. The parties are very litigious. Since origination, Baicy and Shay have collectively filed over 700 pleadings in the superior court.

In June 2016, a dispute arose between Shay and Baicy concerning the parties' residential schedule. Baicy was scheduled to pick up Bainya for the weekend, but believed that Shay had taken her out of town. Shay believed that Baicy came to pick up Bainya, but then drove away without her. Shay and Baicy both filed motions for contempt for violation of the parenting plan.

On July 20, Cassady filed a factual declaration in support of Shay's motion for contempt:

> My name is Richard B. Cassady, Jr. On June 17, 2016, neither Ms. Shay, nor Bainya were with me when I left town in the RV. I had to leave earlier in the day, and could not wait for Mr. Baicy to pick up his daughter at 4:00 p.m. Ms. Shay told me what happened about Bainya not being picked up. I advised her to send Mr. Baicy a text, and had my assistant send him an email asking what was going on, as Ms. Shay was indeed expecting Mr. Baicy to pick up their daughter, and to wait to see if he would come back. I eventually saw Ms. Shay and Bainya late that evening.

At the hearing on the contempt motions, Baicy made an oral motion to disqualify Cassady as Shay's attorney based on Cassady's declaration. The court commissioner entered an order continuing the hearing on the contempt motions to allow Baicy to file a written motion to disqualify. Shay then filed declarations from other witnesses in support of her contempt motion and Cassady offered to withdraw his declaration. Nevertheless, on August 11, Baicy filed a written motion to disqualify Cassady and for an award of attorney fees and costs.

The contempt hearings were held on August 25, 2016. The court commissioner entered an order denying both motions.[2] The commissioner then entered a separate order granting Baicy's motion to disqualify Cassady and awarding Baicy attorney fees and costs totaling $2,500. The commissioner found that Cassady "crossed the line when he filed a factual, not procedural declaration" and that "given the over 668 pleadings in this case there is a high likelihood Attorney Cassady will be in a position of being a factual witness in the future." The commissioner ordered that Cassady "is disqualified from appearing at any time in the future as counsel in this case."

Shay then filed a motion for revision. The Honorable Barbara Linde denied revision, thus adopting the commissioner's ruling as the ruling of the court, on September 28.

II

Shay contends that the trial court erred by disqualifying Cassady from appearing as her counsel in this case. We disagree.

We review a trial court's order disqualifying an attorney for an abuse of discretion. Pub. Util. Dist. No. 1 of Klickitat County v. Int'l Ins. Co., 124 Wn.2d 789, 812, 881 P.2d 1020 (1994). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997). We review de novo questions of law regarding the application of a court

---

[2] Neither party appeals the court's denial of the contempt motions.

rule to a particular set of facts. <u>Foss Mar. Co. v. Brandewiede</u>, 190 Wn. App. 186, 192, 359 P.3d 905 (2015), <u>review denied</u>, 185 Wn.2d 1012 (2016).

Pursuant to the Rules of Professional Conduct, a lawyer is prohibited from acting as an advocate at a trial in which the lawyer is likely to be a necessary witness, unless

> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case;
>
> (3) disqualification of the lawyer would work substantial hardship on the client; or
>
> (4) the lawyer has been called by the opposing party and the court rules that the lawyer may continue to act as an advocate.

RPC 3.7(a). A trial court has the authority to disqualify an attorney representing a client in a case where the attorney is likely to be a necessary witness and refuses to withdraw from the case. <u>Pub. Util. Dist.</u>, 124 Wn.2d at 812.

A

Shay first contends that the trial court lacked the authority to disqualify Cassady from appearing as her counsel "at any time in the future" in this case. This is so, she asserts, because RPC 3.7 applies only to a "trial" and not to hearings. Shay is wrong.

Our Supreme Court has rejected a similar argument.

> The comments to RPC 3.7 state that the purpose of the rule is to protect the "tribunal" from prejudice and confusion. RPC 3.7 cmt. 3. "Tribunal," as defined under the RPC, "denotes a court, an arbitrator in a binding arbitration proceeding or legislative body, administrative agency or other body acting in an adjudicative capacity," evidenced "when a neutral official, after the presentation of evidence or legal argument by a party or parties, will render a

binding legal judgment directly affecting a party's interests in a particular matter." RPC 1.0A(m).

In re Disciplinary Proceeding Against Pfefer, 182 Wn.2d 716, 726, 344 P.3d 1200 (2015).

Thus, a court has the authority to disqualify an attorney from appearing at hearings, including a hearing on a contempt motion. Accordingly, the trial court possessed the authority to disqualify Cassady from appearing "at any time in the future" as Shay's counsel in this cause. There was no error.

B

Shay next contends that the trial court abused its discretion by disqualifying Cassady. This is so, she asserts, because Cassady is not a necessary witness and because disqualification would unduly prejudice her. We disagree.

Cassady resides with and is engaged to be married to his client, Shay. Shay and Baicy have been extremely litigious for nearly a decade and have collectively filed an extraordinary number of pleadings in the superior court. Cassady has already once stepped out of his role as counsel and filed an entirely factual declaration in support of Shay's contempt motion. The trial court could reasonably conclude that Cassady may likely continue to be a witness to the embattled relationship between Shay and Baicy and, as Shay's romantic partner, may likely have a continuing personal interest in the outcome of future disputes.

In light of this, the commissioner found that Cassady's factual declaration "crossed the line." The commissioner expressed a valid concern that, given the ongoing relationship between Shay and Cassady, there was a "high likelihood"

that Cassady would be in the position of being a necessary factual witness in the future. In its order denying Shay's motion for revision, the superior court noted that it had considered and weighed the hardship that disqualification may cause Shay. Nevertheless, the court concluded that disqualification was necessary.

Contrary to Shay's contentions on appeal, the trial court's order does not establish that Cassady was disqualified based solely on an unnecessary factual declaration. Rather, the record reflects that the court's order was based on a myriad of factors that ultimately *culminated* in the factual declaration. The court reasonably believed that this factual declaration was likely the first of many instances in which Cassady might likely take on the role of a factual witness. Accordingly, it disqualified Cassady from further appearing as counsel in this cause. This was not an abuse of discretion.

### III

Finally, Shay contends that the trial court erred by awarding Baicy attorney fees and costs.

Shay does not contend that the trial court lacked the authority to award attorney fees and costs, or that the amount awarded by the court was unreasonable. Rather, Shay summarily asserts that Baicy's "motion to disqualify . . . was not well grounded in law or fact. The motion should have been denied, and no fees awarded." Br. of Appellant at 21. Shay provides no other discussion or citation to relevant legal authority in support of her assignment of error.

Pursuant to RAP 10.3(a)(6), parties are required to present "argument in support of the issues presented for review, together with citations to legal

authority and references to relevant parts of the record." Shay thus fails to establish a basis for appellate relief. Moreover, as discussed herein, we disagree with Shay's contention that the motion to disqualify was not well grounded in law or fact.

In any event, Baicy requested an award of fees and costs totaling $6,842.98. The request was supported by billing records. The trial court awarded Baicy $2,500 in fees and costs. The trial court's award was within the range of acceptable choices available to the court. Roats v. Blakely Island Maint. Comm'n, Inc., 169 Wn. App. 263, 284, 279 P.3d 943 (2012). There was no abuse of discretion.

Affirmed.

We concur: