# THE COURT OF APPEALS OF THE STATE OF WASHINGTON

CANDACE NOLL, Individually and as
Personal Representative of the Estate
of Donald Noll, Deceased,

                    Appellant,

        v.

SPECIAL ELECTRIC COMPANY,
INC.,

                    Respondent,

        and

AMERICAN BILTRITE, INC.;
AMETEK INC.;
BIRD INCORPORATED;
BORGWARNER MORSE TEC INC. as
successor-by-merger to BORG-
WARNER CORPORATION;
CBS CORPORATION, a Delaware
Corporation, f/k/a VIACOM INC.,
successor by merger to CBS
CORPORATION, a Pennsylvania
Corporation, f/k/a WESTINGHOUSE
ELECTRIC CORPORATION;
CERTAIN TEED CORPORATION;
CONWED CORPORATION;
DOMCO PRODUCTS TEXAS INC;
FORD MOTOR COMPANY;
GENERAL ELECTRIC COMPANY;
GEORGIA-PACIFIC LLC;
HERCULES INCORPORATED;
HONEWELL INTERNATIONAL INC.;
INDUSTRIAL HOLDINGS
CORPORATION f/k/a THE
CARBORUNDUM COMPANY;
INGERSOLL-RAND COMPANY;

No. 77888-9-I

DIVISION ONE

ORDER AMENDING OPINION

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON
2019 JUL -2 AM 11: 38

No. 77888-9/2

J-M MANUFACTURING COMPANY )
INC.; )
KAISER GYPSUM COMPANY INC.; )
KELLY MOORE PAINT COMPANY )
INC., )
            Defendants. )
                      )

The court having determined that the opinion filed on July 1, 2019, should be amended. Now therefore, it is hereby

**ORDERED** that the opinion be amended as follows:

**DELETE** the second sentence in the last paragraph of the opinion, on page 7, which reads:

Upon entry of appropriate findings, they shall be transmitted to the clerk of this court.

**REPLACE** that sentence with the following sentence:

Upon entry of appropriate findings, they shall be transmitted to the clerk of this court within 90 days.

FOR THE COURT:

Judge

2

THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| CANDACE NOLL, Individually and as Personal Representative of the Estate of Donald Noll, Deceased, | ) ) ) ) | No. 77888-9-I |
| | ) | DIVISION ONE |
| Appellant, | ) ) | PUBLISHED OPINION |
| v. | ) ) | |
| SPECIAL ELECTRIC COMPANY, INC., | ) ) | |
| Respondent, | ) ) | |
| and | ) ) | |
| AMERICAN BILTRITE, INC.; AMETEK INC.; BIRD INCORPORATED; BORGWARNER MORSE TEC INC. as successor-by-merger to BORG-WARNER CORPORATION; CBS CORPORATION, a Delaware Corporation, f/k/a VIACOM INC., successor by merger to CBS CORPORATION, a Pennsylvania Corporation, f/k/a WESTINGHOUSE ELECTRIC CORPORATION; CERTAIN TEED CORPORATION; CONWED CORPORATION; DOMCO PRODUCTS TEXAS INC; FORD MOTOR COMPANY; GENERAL ELECTRIC COMPANY; GEORGIA-PACIFIC LLC; HERCULES INCORPORATED; HONEWELL INTERNATIONAL INC.; INDUSTRIAL HOLDINGS CORPORATION f/k/a THE CARBORUNDUM COMPANY; INGERSOLL-RAND COMPANY; J-M MANUFACTURING COMPANY INC.; KAISER GYPSUM COMPANY INC.; KELLY MOORE PAINT COMPANY INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

No. 77888-9-I/2

HAZELRIGG-HERNANDEZ, J. — When a trial court ruling fails to disclose the court's understanding of the law and the facts, a reviewing court may remand the case for additional findings of fact. Candace Noll sought to establish specific jurisdiction over Special Electric Company, Inc. (corporately known as Special Electric), based on her deceased husband's exposure to asbestos sold by the company. Because we cannot discern the reasoning or underlying facts supporting the decision to deny personal jurisdiction against Special Electric, we remand this case for findings of fact.

## FACTS

Donald Noll was diagnosed with mesothelioma on January 11, 2013. In the late 1970's, Noll worked with asbestos-cement pipe manufactured by the CertainTeed Corporation. Special Electric provided large quantities of asbestos to CertainTeed's Santa Clara plant in the 1970's, including a five year requirements contract for crocidolite asbestos. CertainTeed sold significant quantities of asbestos-cement pipe to businesses in Washington during the late 1970's. Noll worked with these pipes on construction sites in Washington. He sued a number of companies that exposed him to asbestos, including Special Electric. Noll passed away on September 28, 2013 and his wife, Candace Noll, carried on with the suit as his personal representative and surviving spouse.

Special Electric moved to dismiss for lack of personal jurisdiction. After reconsideration, the trial court dismissed the suit without prejudice. Noll appealed, and the case was remanded by the Supreme Court for reconsideration in light of the

2

court's decision in <u>State v. LG Electronics, Inc.</u>, 186 Wn.2d 169, 375 P.3d 1035 (2016) <u>cert. denied</u> —U.S.—,137 S. Ct. 648, 196 L. Ed. 2d 522 (2017). <u>Noll v. Am. Biltrite Inc.</u>, 188 Wn.2d 402, 416, 395 P.3d 1021 (2017).

On remand, Noll presented a new motion to establish specific jurisdiction with additional evidence. Without disclosing its reasoning or findings of fact, the trial court held that Noll's evidence was insufficient to establish purposeful availment for specific jurisdiction. Noll appealed.

## DISCUSSION

I.      Conclusions following a preliminary hearing are reviewed de novo, while underlying factual findings are reviewed for substantial evidence.

CR 12(d) permits courts to conduct preliminary hearings to resolve certain defenses before trial. Here, Special Electric requested the trial court to conduct such a preliminary hearing to resolve whether the court had personal jurisdiction over Special Electric. While Noll ostensibly filed a motion to establish jurisdiction under CR 7(b), the parties agreed that the substance of the proceeding was to determine whether Noll had met the burden of proof to establish jurisdiction. In other words, it was a preliminary hearing under CR 12(d). We consider procedures based on their substance, rather than the way parties characterize them. <u>See</u> <u>State v. Adams</u>, 107 Wn.2d 611, 620, 732 P.2d 149 (1987) (pleadings considered on their facts, not their name); <u>Colorado Nat. Bank of Denver v. Merlino</u>, 35 Wn. App. 610, 614, 668 P.2d 1304 (1983) (motions measured by their content, not technical form or language).

The parties disagree over which standard of review applies to CR 12(d) hearings. Our case law does not provide clear guidance. When interpreting our court

3

rules, we may look to the federal courts' interpretation of parallel rules for guidance. Outsource Ser. Mgmt. LLC v. Nooksack Bus. Corp., 172 Wn. App. 799, 806, 292 P.3d 147 (2013) (citing Bryant v. Joseph Tree., Inc., 119 Wn.2d 210, 218-19, 829 P.2d 1099 (1992)). After a preliminary hearing under the parallel federal rule, FRCP 12(i), the circuit courts review the conclusion de novo and the findings of fact for clear error. See, e.g., Bruce v. U.S., 759 F.2d 755, 758 (9th Cir. 1985). Clear error review mirrors Washington's substantial evidence review. See State v. Ramirez, 191 Wn.2d 732, 740, n.4, 426 P.3d 714 (2018), see also State v. Jeannotte, 133 Wn.2d 847, 856, 947 P.2d 1192 (1997). These are the usual standards of review in Washington for conclusions of law and findings of fact. In re Disciplinary Proceeding Against Pfefer, 182 Wn.2d 716, 724, 344 P.3d 1200 (2015). We therefore hold it appropriate to apply them in this case.

Noll argues that we should apply de novo review to the case in its entirety, because all of the evidence is documentary, and Special Electric submitted no evidence on its own behalf. We note that both parties continue to debate the meaning of the various items of evidence in this court. A long line of cases permit Washington courts to review documentary evidence de novo. See, e.g. In re Marriage of Langham and Kolde, 153 Wn.2d 553, 559, 106 P.3d 212 (2005). But in Dolan v. King County, our Supreme Court deferred to the trial court's findings because of the complexity and volume of evidence. 172 Wn.2d 299, 310-311, 258 P.3d 20 (2011). While the evidence here is not so voluminous, it involves a number of complex questions, including the meanings of corporate documents, abbreviations, figures, and

percentages. Rather than act as initial fact-finders, we hold it appropriate to defer to the trial court as to the facts in these circumstances.

II.     Despite involuntarily dismissing Noll's complaint after the presentation of evidence, the trial court articulated no findings of fact.

After examining the evidence, the trial court failed to articulate its findings of fact or reasoning in its ruling. CR 52(a)(1) requires courts to find facts specially and state conclusions of law separately. CR 52(a)(5)(B) permits courts to decide motions under CR 12 without providing findings of fact. While most motions under CR 12 are resolved on summary judgment, a hearing under CR 12(d) is not a motion, and requires written findings and conclusions.

At summary judgment, findings of fact are unnecessary because the nonmoving party's allegations are considered proven and all reasonable inferences are drawn in that party's favor. Failla v. FixtureOne Corp., 181 Wn.2d 642, 649, 336 P.3d 1112 (2014) (quoting Lewis v. Bours, 119 Wn.2d 667, 669, 835 P.2d 221 (1992)). However, the purpose of a preliminary hearing under CR 12(d) is to resolve factual disputes prior to trial. At a preliminary hearing, the plaintiff must prove the relevant part of his or her case by a preponderance of the evidence. Data Disc, Inc. v. Sys. Tech. Assoc., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977). A preliminary hearing is therefore an action tried upon the facts, requiring specific findings of fact under CR 52(a)(1), rather than a motion exempt from findings of fact under CR 52(a)(5)(B). Most importantly, the procedural posture of this case warrants findings of fact to allow meaningful review.

5

Generally, a failure to state separate findings of fact is not fatal to an order if the reviewing court can determine the questions the trial court decided and the reasons for the decision. Backlund v. Univ. of Wash., 137 Wn.2d 651, 656 n. 1, 975 P.2d 950 (1999) (citing Knudsen v. Patton, 26 Wn. App. 134, 135 n. 1, 611 P.2d 1354, review denied, 94 Wn.2d 1008 (1980)). The reviewing court can consider the trial court's oral ruling to aid its determination. Backlund, 137 Wn.2d at 656 n.1 (citing In re Marriage of Booth, 114 Wn.2d 772, 777, 791 P.2d 519 (1990)). When the reviewing court is unable to determine the trial court's understanding, the appropriate remedy is to remand the case for findings of fact. Garcia v. Henley, 190 Wn.2d 539, 544, 415 P.3d 241 (2018) (citing Old Windmill Ranch v. Smotherman, 69 Wn.2d 383, 390, 418 P.2d 720 (1966)).

Here, Noll was required to prove personal jurisdiction by a preponderance of the evidence. Special Electric implores us to rely on implied findings of fact based on the trial court's decision. But it is the responsibility of the prevailing party to procure findings of fact. Backlund, 137 Wn.2d at 656 n. 1 (citing Peoples Nat'l Bank v. Birney's Enters., Inc., 54 Wn. App. 668, 670, 775 P.2d 466 (1989). The record indicates that the parties and trial court agreed that the prevailing party should prepare a formal order. Nothing in the record suggests Special Electric prepared a formal order or requested findings of fact.

We are not inclined to speculate on findings beneficial to the party that failed to procure them. Additionally, the subject of specific jurisdiction is not well-settled law. Decisions from the highest courts in the land contain significant disagreement as to how courts should test evidence of personal jurisdiction. See LG Elec., 186 Wn.2d at

190-91, cf. 186 Wn.2d at 202-04 (Gordon McCloud, J., dissenting). Given the record, we can only speculate as to what test the trial court decided to apply. We will not infer facts based on speculation. No oral ruling exists to help us make those determinations. Because we have no reliable indication of the facts as the trial court understood them, we remand this case for separate findings of fact.

On remand, we direct the trial court to make findings on the following issues in order to answer the questions presented in LG Electronics and Noll, as well as any other findings of fact that support its decision:

1. Did Special Electric control a significant share of the United States market for asbestos?

2. Did Special Electric intend for its asbestos to be incorporated into products sold across the United States and in Washington?

3. Was a substantial volume of CertainTeed asbestos-cement pipe containing Special Electric's asbestos sold in Washington as part of the regular flow of commerce?

4. Did Special Electric know that CertainTeed sold asbestos-cement pipe in Washington?

5. Should Special Electric have known that CertainTeed sold asbestos-cement pipe in Washington?

This court will retain jurisdiction over the appeal. Upon entry of appropriate findings, they shall be transmitted to the clerk of this court. The panel will determine whether additional briefing is necessary, but will remain open to a request from either party to file a supplemental brief concerning the findings of fact.

Remanded.

WE CONCUR:

Andrus, J.