IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In re the Matter of the Marriage of<br><br>STACEY JANETTE SHERIDAN,<br><br>                     Respondent,<br><br>       v.<br><br>JAMES MCHUGH SHERIDAN,<br><br>                  Appellant. | No. 87948-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DíAZ, J. — A superior court judge entered a domestic violence protection order (DVPO) protecting Stacey Sheridan from James Sheridan.[1]  James now avers the judge failed to make a number of necessary findings.  He also contends that there is no substantial evidence in support of the findings the court did make and that those findings do not meet any of the statutory definitions of domestic violence.  Disagreeing, we affirm and grant Stacey's request for reasonable fees.

I.      BACKGROUND

In September 2024, Stacey petitioned the court to restrain James from contacting her and their two minor children.  James opposed the petition and filed

---

[1] Because they share a last name, we refer to the parties by their first names with no disrespect intended.

a motion to terminate a temporary order that had been put in place. Both parties filed supporting declarations in the matter as the litigation proceeded.

After hearing argument and sworn testimony from Stacey in November 2024, a commissioner denied her petition because they found she had not credibly alleged acts which constituted domestic violence. Stacey moved for a superior court judge to revise the commissioner's order. The judge granted Stacey's motion after reviewing the pleadings and the transcript of the hearing de novo and it entered a DVPO.

James then moved the court to reconsider its order. He argued no evidence demonstrated domestic violence and the court had failed to provide any findings of fact as the basis for its legal conclusion.

The court granted James' reconsideration motion in part, agreeing to make more specific findings, but it denied the motion on the merits. Accordingly, it entered an amended order which added further factual findings based on its review of the documentary and testimonial evidence. However, the judge again granted Stacey's motion for revision because it again found that she had established she was subjected to domestic violence. James timely appeals.

## II.     ANALYSIS

### A.     Sufficiency of the Judge's Findings

James claims the court erred because it did not make several required findings. Specifically, he claims the court failed to identify which statutory definition of "domestic violence" applied under RCW 7.105.010, failed to find he acted with intent, and failed to make express credibility findings where there may have been

2

conflicting accounts. In short, he asserts the order was "conclusory and insufficient."

As a general matter, under Washington's superior court civil rules, a court must "find the facts specially and state separately its conclusions of law" where an action is tried without a jury. CR 52(a)(1). Our Supreme Court has explained that a court's findings of fact "are not rendered invalid if they are sufficiently specific to permit meaningful review." In re Dependency of K.R., 128 Wn.2d 129, 143, 904 P.2d 1132 (1995).

To satisfy that standard, the court's findings must be "sufficient to suggest the factual basis for the ultimate conclusions." Lawrence v. Lawrence, 105 Wn. App. 683, 686, 20 P.3d 972 (2001). Thus, we may remand for additional findings of fact if we are unable to "discern the reasoning or underlying facts supporting [a trial court's] decision," but we are not required to do so where the record indicates it undertook proper statutory analysis. See Noll v. Special Elec. Co., Inc., 9 Wn. App. 2d 317, 319, 444 P.3d 33 (2019).

The civil rules also dictate that findings and conclusions are necessary "as specifically required by statute." CR 52(2)(C). As relevant here, we have held the statute governing the issuance of protection orders requires a court to expressly state the reasons for its decision only when it *declines* to issue a protection order. Matter of Timaeus, 34 Wn. App. 2d 670, 683, 574 P.3d 127 (2025). By contrast, the statute contains no similar requirement to provide particular reasons for a decision to grant a DVPO. See i.d.; RCW 7.105.225(6).

Here, as in Timaeus, "the commissioner granted [her] petition for a DVPO.

3

Therefore, the commissioner was not required to state in writing the particular reasons for their decision. [He] provides no authority to the contrary. And as evidenced [below], ample evidence supports the commissioner's findings." Id.

As to James' claim regarding intent, in Timaeus, we refused to read an intent requirement into the protection order statute where its language does not specify one. Id. at 684.[2] Specifically, RCW 7.105.010 does not require a petitioner to show a certain level of intent with regard to assault or the infliction of fear as possible forms of domestic violence.

In short, James has not established that the court's findings were insufficient under our statute or our case law. Nor, more generally, has he shown they prevent meaningful appellate review. K.R., 128 Wn.2d at 143. We can discern a proper basis for the court's ultimate decision from its findings. Noll, 9 Wn. App. 2d at 319.

B.    Substantial Evidence

James next claims the court's factual findings are not supported by substantial evidence and avers they do not meet any of RCW 7.105.010's definitions for domestic violence. We disagree.

RCW 7.105.010 defines domestic violence as any of the following: "Physical harm, bodily injury, *assault*, or *the infliction of fear of physical harm, bodily injury, or assault*; nonconsensual sexual conduct or nonconsensual sexual penetration; coercive control; unlawful harassment; or stalking of one intimate partner by

---

[2] Our Supreme Court has held that "where the legislature intends to include a mens rea requirement, it does so. For instance, protection orders based on conduct that would be innocent but for the respondent's mental state specify the requisite mens rea." DeSean v. Sanger, 2 Wn.3d 329, 337-38, 536 P.3d 191 (2023). Otherwise, it concluded we "presume that the omission of intent . . . is deliberate." Id.

4

another intimate partner." (emphasis added). Washington law defines "assault," inter alia, as "putting another in apprehension of harm whether or not the actor intends to inflict or is capable of inflicting that harm." State v. Wilson, 125 Wn.2d 212, 218, 883 P.2d 320 (1994).

We review a court's decision to grant a DVPO for abuse of discretion. Rodriguez v. Zavala, 188 Wn.2d 586, 590, 398 P.3d 1071 (2017). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons. State v. Powell, 126 Wn.2d 244, 258, 893 P.2d 615 (1995). A court's decision is based on untenable grounds if the factual findings are unsupported by the record. In re Marriage of Littlefield, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997).

In turn, we assess whether "substantial evidence" supports a court's findings of fact. State v. Delbosque, 195 Wn.2d 106, 116, 456 P.3d 806 (2020). That standard is met where the record contains a sufficient quantity of evidence to persuade a fair-minded, rational person of the truth of the finding. Id.

Importantly, when reviewing a record for substantial evidence, we do not reweigh the evidence or disturb a trial court's determination regarding its persuasiveness or the credibility of witnesses. Shrauner v. Olsen, 16 Wn. App. 2d 384, 402, 483 P.3d 815 (2020). It is the party challenging findings of fact who bears the burden to demonstrate substantial evidence does not exist. In re Marriage of Grigsby, 112 Wn. App. 1, 9, 57 P.3d 1166 (2002).

In addition, though we review factual findings for substantial evidence, we review de novo whether a court's factual findings support its conclusions of law.

Id. We may affirm on any ground supported by the record. LK Operating, LLC v. Collection Grp., LLC, 181 Wn.2d 48, 73, 331 P.3d 1147 (2014).

We hold that there is substantial evidence for the court's factual findings and they do meet at least two of the requisite statutory definitions for domestic violence. We find it necessary to review the evidence for its findings only as to three incidents, as we conclude these alone provide grounds to affirm entry of the DVPO. Id.

First, the court found that in August 2024, James initiated physical contact with Stacey even though she had requested he refrain from doing so. Leaving matters of credibility undisturbed, a fair-minded rational person could find this act occurred, given that Stacey swore under penalty of perjury that he "came up behind [her] and hugged [her] following repeated requests that [he] not touch [her]." Olsen, 16 Wn. App. 2d at 402; Delbosque, 195 Wn.2d at 116.

Second, the court found that soon after, James caused Stacey to be afraid when he again physically touched her. Leaving matters of credibility undisturbed, a fair-minded rational person could find this truly occurred, given that she swore under penalty of perjury that "he came inside angrily" and "grabbed [her] wrist" and that afterward, she left the house with her children and slept at a hotel because she felt "fear of imminent danger." Olsen, 16 Wn. App. 2d at 402; Delbosque, 195 Wn.2d at 116. Stacey also testified this interaction was "scary" for her and he had "towered over [her]" and "grabbed [her] wrist."

Third, the court found James had pushed a door into Stacey in anger several years earlier. Leaving matters of credibility undisturbed, a fair-minded

6

rational person could likewise find this truly occurred given that she swore under penalty of perjury that, "[a]round 2020 [he] pushed a door into Stacey aggressively in anger due to feeling disrespected earlier in the day where he knew she would be hurt." Olsen, 16 Wn. App. 2d at 402; Delbosque, 195 Wn.2d at 116.[3]

In short, deferring to determinations of credibility and persuasiveness as we must, substantial evidence in the record supports the court's factual findings such that James has not established it abused its discretion. Littlefield, 133 Wn.2d at 47; Grigsby, 112 Wn. App. at 9.

In response, James appears to misapprehend the substantial evidence standard. For instance, in a challenge to Stacey's accounts, he states "the evidence supports a different narrative." And he avers the record does not support that his conduct placed her in a state of fear "when considered in light of the parties' history, relationship dynamics, and the nature of the August incidents." These assertions ignore that we do not reweigh the evidence and that our role is to determine whether a fair-minded, rational person could conclude his actions, e.g., led Stacey to fear him.

That said, we consider de novo whether the court's factual findings support its conclusion of law. We hold that the facts do meet at least two of RCW 7.105.010's definitions for domestic violence, so it did not err.

Specifically, we conclude the facts satisfy the portion of the statute which

---

[3] The court also found Stacey filed a declaration stating she was fearful of James and for the safety of their children in general, and it noted she confirmed her assertions were truthful at the hearing. This testimony also shows there is substantial evidence for the court's factual findings James acted in ways which caused Stacey to fear him.

defines domestic violence as "assault" under Washington common law and the portion of the statute which defines domestic violence as the "infliction of fear of physical harm, bodily injury, or assault." The factual findings the court made—namely, that Stacey feared James due to at least three physical incidents—support the conclusion he committed domestic violence against her because they demonstrate he either assaulted her by putting her in apprehension of bodily harm or he inflicted fear of such harm.

In response, James simply does not provide any authority to support his claim that these factual findings fall short of either definition of domestic violence set by RCW 7.105.010 as a matter of law. Thus, his argument fails.

C.     Fees

Stacey requests attorney fees on appeal, citing to RCW 7.105.310.

RAP 18.1 permits a party to request attorney fees on appeal where applicable law grants them that right. We may award attorney fees where allowed by statute, rule, or contract. Aiken v. Aiken, 187 Wn.2d 491, 506, 387 P.3d 680 (2017). And "if attorney fees are allowable at trial, the prevailing party may recover fees on appeal." Id.

Under RCW 7.105.310(1)(j), courts have discretion to "reimburse the petitioner for costs incurred in bringing the [DVPO] action, including reasonable attorneys' fees." Therefore, we grant Stacey's request, and we need not reach any other possible basis. See Timaeus, 34 Wn. App. 2d at 685-86.

### III.     CONCLUSION

We affirm and grant Stacey's request for fees, which she may perfect by

following the procedure set forth in RAP 18.1(f)-(h).

_____
Díaz, J.

WE CONCUR:

_____        _____, ACJ
Feldman, J.